| | |
|---|---|
| BRENDA IBARRA,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATIVE SERVICE IN CONTEMP.,<br><br>Defendant. | Case No.: 19cv2062-JAH (AHG)<br><br>**ORDER DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; SUA SPONTE DISMISSING COMPLAINT; AND DENYING MOTION TO APPOINT COUNSEL.** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On October 28, 2019, Plaintiff Brenda Ibarra ("Plaintiff"), proceeding *pro se*, filed a complaint along with a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. Additionally, Plaintiff filed a motion to request for appointment of counsel. *See* Doc. No. 3. After a careful review of the record and for the reasons set forth below, the Court (1) DENIES Plaintiff's motion for leave to proceed IFP [Doc. No. 2]; (2) *Sua sponte* DISMISSES Plaintiff's complaint [Doc. No. 1], without prejudice; and (3) DENIES Plaintiff's motion for counsel [Doc. No. 3], without prejudice.

I. **Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C.

1

1 § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of her IFP motion, Plaintiff submitted an application to proceed in this Court without paying fees or costs. *See* Doc. No. 2. The application states Plaintiff is a "Gov. Service Employee," however, Plaintiff fails to indicate her average monthly income or income expected to receive the following month. *See* Doc. No. 2 at 1. Plaintiff reports no other income or assets. Furthermore, Plaintiff lists monthly expenses totaling $215.00, however, Plaintiff fails to explain how she is able to cover her monthly expenses. Based upon the information presented by Plaintiff, the Court is unable to determine whether or not Plaintiff can afford the required filing fee to pursue the instant action.

## II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Even if Plaintiff paid the filing fee or had sufficiently demonstrated her indigence, her complaint would still be dismissed. Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[S]ection 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*). Here, even assuming that Plaintiff were entitled to proceed IFP, her complaint is subject to dismissal because Plaintiff does not have standing to pursue the alleged claims and fails to state a claim upon which relief may be granted.

///

///

## A. Lack of Standing

As a preliminary matter, the Court considers whether Plaintiff has standing to assert her claims. The standing doctrine addresses the question of "whether the litigant is entitled to have the court decide the merits of the dispute." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). "To satisfy Article III standing, a plaintiff must show (1) he has suffered an 'injury in fact' that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Braunstein v. Arizona Dept. of Trans.*, 683 F.3d 1177, 1184 (9th Cir. 2012). Plaintiff's lack of standing is sufficient to deny the request to proceed IFP. *See Minetti v. Port of Seattle,* 152 F.3d 1113, 1115 (9th Cir. 1998) (concluding that the district court did not abuse its discretion by denying plaintiff's IFP application for lack of standing).

Here, it is unclear how Plaintiff has standing to bring the instant lawsuit. Plaintiff has not shown how the Court is in a position to decide the merits of her dispute. Additionally, Plaintiff has not alleged a concrete injury in fact. Plaintiff alleges "I am in presence of demand to ask for recognition of my service with payments." However, the Plaintiff does not allege sufficient facts to allow the Court to conclude she has suffered an actual injury—or will imminently suffer such an injury—due to Defendant's actions. As such, Plaintiff fails to sufficiently demonstrate standing to pursue the claims asserted.

## B. Failure to State a Claim

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true,

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)).

Upon review of the complaint, the Court struggles to comprehend Plaintiff's plausible allegations. A complaint is facially plausible when the facts alleged allow "the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Here, Plaintiff's complaint does not state a cognizable cause of action or claim for relief. Plaintiff states a series of unfortunate events and circumstances that she has encountered. However, there is no reasoning or explanation as to how these circumstances can give rise to a cause of action or how any of the unfortunate circumstances are related to the named Defendant. There is no indication as to the legal claim in which Plaintiff wishes to assert. Furthermore, the allegations in the Complaint fail to give adequate notice to the named Defendant of the claims against it, as required by Federal Rule of Civil Procedure 8(a). Accordingly, the complaint fails to state a claim upon which relief may be granted.

**III. Request for Appointment of Counsel**

Plaintiff has filed a request for appointment of counsel. However, there is no right to counsel in civil cases, and district courts may appoint counsel only under "exceptional circumstances." *Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'likelihood of success on the merits and the ability of the plaintiff to articulate [her] claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* Here, the Plaintiff's complaint is dismissed for lack of standing and failure to state a claim. Therefore, the Court **DENIES** Plaintiff's motion for appointment of counsel without prejudice.

**IV. Leave to Amend**

Courts generally grant leave to amend unless amendment would be futile. *Townsend v. Univ. Of Alaska,* 543 F.3d 478, 485 (9th Cir. 2008). Although the Court has serious doubts in Plaintiff's ability to state a cognizable claim, the Court will provide Plaintiff with

4

an opportunity to file an amended complaint. Plaintiff must include a short and plain statement that entitles Plaintiff to relief. *See* Fed. R. Civ. P. 8(a)(2). In addition, Plaintiff must indicate what relief she is seeking from the Court. *See* Fed. R. Civ. P 8(a)(3).

**V. Conclusion and Order**

Based on the foregoing, the Court hereby:

1. **DENIES** Plaintiff's Motion to Proceed IFP, pursuant to 28 U.S.C. § 1915(a) [Doc No. 2];
2. *Sua sponte* **DISMISSES** this action without prejudice due to Plaintiff's lack of standing and failure to state a claim [Doc. No. 1]; and
3. **DENIES** Plaintiff's Motion to Appoint Counsel without prejudice [Doc. No. 3].

**IT IS SO ORDERED.**

DATED: April 13, 2020

_____
Hon. John A. Houston
United States District Judge